IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

QUALITY ELEVATOR COMPANY, INC.  
4808 Upshur Street  
Bladensburg, Maryland 20710         *

      Plaintiff                                *

v.                                              *       CASE NO. _____

MELCO, INC.                              *  
609 Cedar Creek Grade, Suite A  
Winchester, Virginia 22601         *  
  Serve On:  
    Melva Wagner, President       *  
    1101 Simonton Street  
    Key West, Florida 33040          *

      Defendant                             *
*************************************************************************

## COMPLAINT

Comes now the Plaintiff, Quality Elevator Company, Inc., by and through its attorneys Hillman, Brown & Darrow, P.A. and Michael P. Darrow, and by this Complaint states as follows:

1. This matter comes before this Court on Plaintiff's Complaint for Relief from the Defendant as a result of the Defendant's breach of its contract.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1332 and §1441 based on the diversity of the Plaintiff and the Defendant.

3. That the Plaintiff is a corporation incorporated under the laws of the State of Maryland.

4. The Defendant Melco, Inc. is apparently a corporation incorporated under the laws of several States including, but not limited to, the States of Virginia and Florida.

5. That Plaintiff entered into a contract with the Defendant as evidenced by the attached Exhibit A, incorporated herein and made a part hereof. That pursuant to the terms of the contract, said contract was solely for maintenance activities for the building known as the Cohen/Switzer Building located at 330 Independence Avenue and 330 C Street, S.W., Washington, D.C.

6. That further said contract was limited to elevator maintenance services pursuant to the scope of work identified under the correspondence attached thereto and made a part thereof.

7. That pursuant to the terms of the contract entered into between the parties, the contract was to have a term from July 1, 2013 through June 20, 2014. The contract price for the first year was $319,200.00.

8. That Plaintiff rendered all services in accordance with the terms of its contract. That although Plaintiff rendered all of its services in accordance with the terms of the contract, the Defendant in bad faith and unilaterally and without appropriate notice in accordance with the terms of the contract, terminated same without sufficient or just cause. Plaintiff was given two days notice to remove all of its equipment from the site. That Plaintiff had performed services at that site for the predecessor to the Defendant contractor known as Melco, Inc. for several years.

9. That although the contract called only for authorized maintenance services, one Robert Holcomb, on behalf of Melco, Inc., demanded that the Plaintiff repair what was known as escalator number 2.

10. That as of August 1, 2013, the contract between the Defendant and Plaintiff was unilaterally canceled as stated above and at that time Plaintiff was informed that it was to remove all tools and equipment belonging to it by the end of business on August 2, 2013. This demand came from Robert Holcomb, Jr., Project Manager for Melco, Inc., the Defendant.

11. That although demand has been made of the Defendant to reimburse the Plaintiff, the Defendant has failed and refused to pay for the loss profit accruing to Plaintiff under the remainder of the term of the contract.

WHEREFORE, Plaintiff claims $319,200.00 together with attorney's fees incurred by the Plaintiff for having to pursue this action as called for pursuant to the terms of the contract.

/s/
Michael P. Darrow
D.C. Bar No. 388210
HILLMAN, BROWN & DARROW, P.A.
221 Duke of Gloucester Street
Annapolis, Maryland 21401
Telephone: #410-263-3131/410-269-5555
Attorney for Plaintiff

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff moves for summary judgment because the Defendants have no defense to the claim, and that there is no genuine dispute between the parties as to any material fact, and that it is entitled to judgment as a matter of law.

/s/
Michael P. Darrow

MPD:lag/15455.4/2013557/100813

TO THE DEFENDANTS:

TAKE NOTICE that unless you make your defense within the time allowed by Law or Rule of Court, judgment will be entered against you. If you assert a defense, this motion may be heard by the Court fifteen days after its service on you, but not earlier than the expiration of the time allowed by Law or Rule of Court to plead in answer to this declaration.

/s/
Michael P. Darrow

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Any party may file at any time a Motion For Summary Judgment on all or part of an action on the ground that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law.

The purpose of this Rule is to determine whether there exist any disputes of material facts so as to make a trial necessary. *Stewart Title Guar. Co. v. West*, 110 Md.App. 114, 676 A.2d 953 (1996). It is also to prevent the unnecessary expenditure of time and money in preparing for trial when there is no genuine dispute as to material facts. *Cheney v. Bell National Life Ins. Co.*, 70 Md.App. 163, 520 A.2d 402 (1987), aff'd. 315 Md. 761, 556 A.2d 1135 (1989). It is not to try the case or to decide the factual disputes, but to decide whether there is an issue of fact that is sufficiently material to be tried. *Bradley v. Fisher*, 113 Md.App. 603, 688 A.2d 527 (1997). In order to defeat the entry of summary judgment, the opposing party "must show that there is a genuine dispute as to a material fact by proffering facts which would be admissible in evidence."

*Beatty v. Trailmaster Prods., Inc.*, 625 A.2d 1005, 1011 (Md. 1993) (citations omitted). In other words, "mere general allegations which do not show facts in detail and with precision are insufficient to prevent summary judgment." Id.

Interpretations of the federal rules are especially persuasive as to the meaning and application of the Maryland Rules because the Maryland summary judgment rules were taken from the Federal Rules of practice and procedure. *Mortgage Fund, Inc., v. Basiliko*, 288 Md. 25, 415 A.2d 582 (1980). Consequently, this court should keep in mind the teachings of the United States Supreme Court on the propriety of granting Summary Judgment. In *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), Justice Rennquist wrote "Summary judgment procedure is properly regarded not as a disfavored procedural short cut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" This conclusion was reinforced in Maryland in *Aetna Inc. Co. v. Aaron*, 112 Md.App. 472, 685 A.2d 858 (1996). And in *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court instructed:

> "The mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asked whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict . . . " (articulated also in *Seaborad Sur. Co. v. Richard F. Kline, Inc.*, 91 Md.App. 236, 603 A.2d 1357 (1992))

The function of the pleadings in summary judgment cases is twofold: (1) they serve to frame the issues with respect to which the court must determine materiality; and (2) allegations and response or lack of response, may establish facts as admitted or deemed to be admitted for the purpose of the case. Washington Homes, Inc., v. Interstate Land Development Company, 281 Md. 712, 382 A.2d 555 (1978).

                                            /s/
                                    Michael P. Darrow

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| QUALITY ELEVATOR COMPANY, INC.<br>4808 Upshur Street<br>Bladensburg, Maryland 20710 | * | |
| Plaintiff | * | |
| v. | * | CASE NO. _____ |
| MELCO, INC.<br>609 Cedar Creek Grade, Suite A<br>Winchester, Virginia 22601<br>Serve On:<br>    Melva Wagner, President<br>    1101 Simonton Street<br>    Key West, Florida 33040 | *<br><br>*<br><br>*<br><br>* | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF MARYLAND, COUNTY OF _Calvert County_, Set.:

I hereby certify that on this _28_ day of _October_, 2013, before me, the subscriber, a Notary Public in and for the State and County aforesaid, personally appeared James E. Snider, Vice President, who made oath in due form of law as follows:

He restates and realleges and affirms and certifies each and every allegation contained in the Complaint as if as fully and completely stated herein. He affirms and certifies the authenticity and accuracy of the copy of all exhibits attached hereto and incorporated herein. He affirms and certifies that the Defendant is justly indebted to the Plaintiff in the amount of $319,200.00.

_____
James E. Snider
Vice President

The Affiant did solemnly declare and affirm under the penalties of perjury that the matters and facts set forth herein are true and correct to the best of Affiant's personal knowledge, and the Affiant is competent to be a witness in this proceeding.

As witness the hand and Notarial Seal of the Notary Public before whom the Affiant has appeared.

_____
Notary Public

My Commission Expires: 7/11/15



IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| QUALITY ELEVATOR COMPANY, INC.<br>4808 Upshur Street<br>Bladensburg, Maryland 20710 | * | |
| Plaintiff | * | |
| v. | * | CASE NO. _____ |
| MELCO, INC.<br>609 Cedar Creek Grade, Suite A<br>Winchester, Virginia 22601<br>Serve On: | *<br><br>* | |
| Melva Wagner, President<br>1101 Simonton Street<br>Key West, Florida 33040 | *<br><br>* | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF NON-MILITARY SERVICE – MELCO, INC.

1. The Defendant is a corporate Defendant.

2. The last known address of the Defendant is 609 Cedar Creek, Grade, Suite A, Winchester, Virginia, 22601.

I hereby swear and affirm under the penalties of perjury that I am over the age of eighteen and competent to be a witness and the foregoing statements are true and correct to the best of my personal knowledge and information and belief.

Quality Elevator Company, Inc.

Date: _10-28_____, 2013

_____
James E. Snider
Vice President

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| QUALITY ELEVATOR COMPANY, INC.<br>4808 Upshur Street<br>Bladensburg, Maryland 20710 | * | |
| Plaintiff | * | |
| v. | * | CASE NO. _____ |
| MELCO, INC.<br>609 Cedar Creek Grade, Suite A<br>Winchester, Virginia 22601<br>Serve On: | * | |
| | * | |
| Melva Wagner, President<br>1101 Simonton Street<br>Key West, Florida 33040 | * | |
| | * | |
| Defendant | * | |

**********************************************************************

### ORDER FOR SUMMARY JUDGMENT

The Plaintiff's Motion for Summary Judgment is hereby granted, and upon legal and satisfactory proof of the correctness and amount of the claim for which the above was brought, being produced to the Court; it is

ORDERED, this _____ day of _____, 2013, that Summary Judgment in this case is entered for $319,200.00, and cost of suit.

_____
Judge

cc:   Michael P. Darrow, Esquire
      HILLMAN, BROWN & DARROW, P.A.
      221 Duke of Gloucester Street
      Annapolis, Maryland 21401-2500

      MELCO, INC.
      609 Cedar Creek Grade, Suite A
      Winchester, Virginia 22601

MELCO, INC.
Melva Wagner, President
1101 Simonton Street
KeyWest, Florida 33040