IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| QUALITY ELEVATOR COMPANY, INC.<br>4808 Upshur Street<br>Bladensburg, Maryland 20710 | * | |
| Plaintiff | * | |
| v. | * | CASE NO. _____ |
| MELCO, INC.<br>609 Cedar Creek Grade, Suite A<br>Winchester, Virginia 22601<br>  Serve On:<br>      Melva Wagner, President<br>      1101 Simonton Street<br>      Key West, Florida 33040 | *<br><br>*<br><br>*<br><br>* | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

Comes now the Plaintiff, Quality Elevator Company, Inc., by and through its attorneys Hillman, Brown & Darrow, P.A. and Michael P. Darrow, and by this Complaint states as follows:

1. This matter comes before this Court on Plaintiff's Complaint for Relief from the Defendant as a result of the Defendant's breach of its contract.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1332 and §1441 based on the diversity of the Plaintiff and the Defendant.

3. That the Plaintiff is a corporation incorporated under the laws of the State of Maryland.

4. The Defendant Melco, Inc. is apparently a corporation incorporated under the laws of several States including, but not limited to, the States of Virginia and Florida.

5. That Plaintiff entered into a contract with the Defendant as evidenced by the attached Exhibit A, incorporated herein and made a part hereof. That pursuant to the terms of the contract, said contract was solely for maintenance activities for the building known as the Cohen/Switzer Building located at 330 Independence Avenue and 330 C Street, S.W., Washington, D.C.

6. That further said contract was limited to elevator maintenance services pursuant to the scope of work identified under the correspondence attached thereto and made a part thereof.

7. That pursuant to the terms of the contract entered into between the parties, the contract was to have a term from July 1, 2013 through June 20, 2014. The contract price for the first year was $319,200.00.

8. That Plaintiff rendered all services in accordance with the terms of its contract. That although Plaintiff rendered all of its services in accordance with the terms of the contract, the Defendant in bad faith and unilaterally and without appropriate notice in accordance with the terms of the contract, terminated same without sufficient or just cause. Plaintiff was given two days notice to remove all of its equipment from the site. That Plaintiff had performed services at that site for the predecessor to the Defendant contractor known as Melco, Inc. for several years.

9. That although the contract called only for authorized maintenance services, one Robert Holcomb, on behalf of Melco, Inc., demanded that the Plaintiff repair what was known as escalator number 2.

10. That as of August 1, 2013, the contract between the Defendant and Plaintiff was unilaterally canceled as stated above and at that time Plaintiff was informed that it was to remove all tools and equipment belonging to it by the end of business on August 2, 2013. This demand came from Robert Holcomb, Jr., Project Manager for Melco, Inc., the Defendant.

11. That although demand has been made of the Defendant to reimburse the Plaintiff, the Defendant has failed and refused to pay for the loss profit accruing to Plaintiff under the remainder of the term of the contract.

WHEREFORE, Plaintiff claims $319,200.00 together with attorney's fees incurred by the Plaintiff for having to pursue this action as called for pursuant to the terms of the contract.

/s/
Michael P. Darrow
D.C. Bar No. 388210
HILLMAN, BROWN & DARROW, P.A.
221 Duke of Gloucester Street
Annapolis, Maryland 21401
Telephone: #410-263-3131/410-269-5555
Attorney for Plaintiff